ON APPLICATION FOR REHEARING
Plaintiff applies for a rehearing claiming that this court neglected to consider her affidavit and the affidavit of her co-worker, Dal Savoie. This court considered the entire record including the affidavits cited by plaintiff. Of particular concern to plaintiff are the following statements from the affidavits: from hers, “I had alot of deckhand kind of work. Alot of my work involved cleaning and painting decks of vessels;” from Dal Savoie’s, “Alot of her work was actually done aboard the tug boats. She did alot of deckhand kind of work as far as I could tell.”
Plaintiff delivered supplies and groceries, and repair and replacement parts to the boats. She boarded the boats to deliver and store these items on board; a lot of her work was done aboard the tug boats, while they were moored for the purpose of taking on supplies. The work of the tug boats, however, was not done with her aboard or with her working as a member of the crew. The conclusory classification in the affidavits that her work was that of a deckhand — the implication being that “deckhand” equals “crew” — does not raise a factual issue so as to preclude summary judgment on the issue of seaman status.
Not referred to directly in our opinion is plaintiffs factual statement that her work “involved cleaning and painting decks of vessels.” In considering plaintiff’s status as a matter of law, this court accepted as not in dispute plaintiff’s factual statements concerning her duties. Upon the record presented to us we remain convinced that although plaintiff's duties could have been and occasionally may have been performed by members of the crews of the vessels, plaintiff was a shore-based worker whose relationship with the vessels, their functions, missions, operation and welfare, was not that of a member of the crew. Plaintiff does not qualify for Jones Act seaman status.
Accordingly, we deny plaintiff’s application for rehearing.